**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Cortez Davis, | ) | **CASE NO. 1:17 CV 1354** |
| | ) | |
| Plaintiff, | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Jeff Sessions, *et al.*, | ) | **AND ORDER** |
| | ) | |
| | ) | |
| Defendants. | ) | |

### Background

*Pro se* plaintiff Cortez Davis has filed a complaint in this action against twelve defendants:

United States Attorney General Jeff Sessions; Ohio Attorney General Mike DeWine; Cuyahoga

County Court of Common Pleas Judge Cassandra Collier-Williams; Ohio Court of Appeals Judge

Kathleen Ann Keough; City of Cleveland Law Director Barbara A. Langhenry; Cuyahoga County

Prosecutors Michael O'Malley and Brandon Piteo, criminal defense lawyers Donald Williams and

Mary Catherine O'Neill, Cuyahoga County public defender Erika Cunliffe, and Bruce Garner and

David Crane. (Doc. No. 1.) The plaintiff's complaint does not set forth discernible specific factual

allegations regarding any of the named defendants but, with the exception of the Attorneys General,

the defendants all appear to be connected in some to a state criminal case brought against the

plaintiff in state court, *State v. Davis*, CR-16-607798-A, (Cuyahoga County Court of Common

Pleas). The plaintiff was found guilty by a jury in the state case of carrying a concealed weapon and

improperly handling firearms in a motor vehicle.  He was sentenced to time served and agreed to forfeit the weapon and ammunition seized from him.  (*See id.*, at Ex. 2.)

The plaintiff appealed his conviction to the Ohio Court of Appeals, but the Court of Appeals dismissed his appeal on June 6, 2017, because the plaintiff failed to file assignments of error and a *pro se* brief as the Court of Appeals directed him to do after two court-appointed lawyers were both permitted to withdraw from representing him.  *See State of Ohio v. Cortez D. Davis*, CA-17-105471 (Ohio App 8th Dist.).

Instead of appealing or seeking further relief in state court, the plaintiff filed the complaint in this case pursuant to Federal Rule of Civil Procedure 60(b)(6) to "Vacate [a] void" judgment of the Ohio Court of Appeals and to void his state convictions based on "ineffective [assistance of] appellate counsels for not filing appellant brief, and [because] the trial Lacked Jurisdiction abinitio." (*See* Doc. No. 1.)  Cuyahoga County Defendants Collier-Williams, O'Malley and Piteo have filed a motion to dismiss the complaint for lack of subject-matter jurisdiction and for failure to state a claim.  (Doc. No. 7.)  They argue the plaintiff's complaint does not allege any discernible federal cause of action, and that the Court lacks federal subject-matter jurisdiction to review judgments of the state court. The plaintiff filed an objection to the motion, which sets forth a number of unclear legal assertions and conclusions, but nonetheless makes clear that the only relief the plaintiff seeks in the case is to "vacate the decision of the 8th dist[rict] court of appeals."  (Doc. No. 8 at 13.)

### Discussion

Although *pro se* complaints are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), *pro se* litigants are not exempt from the pleading requirements of the Federal Rules of Civil Procedure.

Fed. R. Civ. P. 8(a) requires that a pleading set forth "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing the pleading is entitled to relief." The Sixth Circuit has recognized that, despite a plaintiff's *pro se* status, federal courts are not required to "guess at the nature of the claim asserted." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Payne v. Sec'y of Treas*., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of a *pro se* complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating that "[n]either this court nor the district court is required to create the plaintiff's claim for her").

Further, federal courts are courts of limited jurisdiction and have an independent duty to determine whether they have jurisdiction in cases before them and to "police the boundaries of their own jurisdiction." *Douglas v. E.G. Baldwin & Assoc. Inc*., 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds*, *Cobb v. Contract Transp., Inc*., 452 F.3d 543, 549 (6th Cir. 2006). A federal district court has the authority to dismiss a complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) at any time "when the allegations of [the] complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999), citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974); *see also In re Benedictin Litig*., 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal jurisdiction is divested by obviously frivolous and unsubstantial claims).

Upon review, the Court finds the plaintiff's action must be dismissed for lack of subject matter jurisdiction and pursuant to *Apple v. Glenn.* Even liberally construed, the plaintiff's complaint does not set forth any plausible federal claim or cause of action, or any facts as to specific conduct against any defendant in the case. The only relief sought by the plaintiff in the action is relief from judgment in a state criminal case. Federal district courts lack the power to review

decisions rendered by state courts. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005) ("appellate jurisdiction to reverse or modify a state-court judgment is lodged . . . exclusively in [the United States Supreme] Court"). The *Rooker–Feldman* doctrine bars district courts from hearing both challenges to state court judgments and claims that are "inextricably intertwined" with state court judgments. *See Hood v. Keller*, 341 F.3d 593, 597 (6th Cir. 2003). "In practice this means that when granting relief on the federal claim would imply that the state-court judgment on the other issues was incorrect, federal courts do not have jurisdiction." *Pieper v. Am. Arbitration Ass'n*, 336 F.3d 458, 460 (6th Cir. 2003); *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987) (Marshall, J., concurring) ("Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment."). Accordingly, the Court finds it lacks jurisdiction to hear the plaintiff's action.

### Conclusion

For the reasons stated above, the motion of Defendants Collier-Williams, O'Malley, and Piteo to dismiss the complaint for lack of subject-matter jurisdiction is granted, and this action is dismissed against all defendants for lack of jurisdiction and pursuant to *Apple v. Glenn*. The plaintiff's remaining motions (Doc. Nos. 3 and 4) are denied as moot. The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.


IT IS SO ORDERED.


DATE: October 25, 2017          /s/Donald C. Nugent
                                DONALD C. NUGENT
                                UNITED STATES DISTRICT JUDGE